BRONSON LAW OFFICES, P.C.
H. Bruce Bronson
*Proposed Counsel for the Debtor*
*and Debtor-in-Possession*
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (tel.)
888-908-6906 (fax)
hbbronson@bronsonlaw.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

AKJS CORP.,

Debtor.
-------------------------------------------------------x

Chapter 11

Case No.:23-22651 (SHL)

**DEBTOR'S DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2**

STATE OF NEW YORK              )
                               ) ss.:
COUNTY OF WESTCHESTER          )

I, Tommy Stratigakis, declare as follows:

1. I am the President of AKJS CORP. (the "**Debtor**"), which owns mixed use property located at 886 Commerce Street, Thornwood, NY (the "**Property**"). The Debtor was formed on October 23, 2001, for the purpose of owning and renting the property. The Property is rented by an affiliated restaurant which also filed bankruptcy and individuals that rent the two apartments. The Debtor is owned by my father and myself 50% each. The main issue with the Debtor is the Mortgage Loan owed to Noah Bank (recently acquired by The Bank of Princeton ("**Noah Bank**" or the "**Secured Lender**") in the approximate amount of $850,000.

2. I submit this Declaration in accordance with Local Bankruptcy Rule 1007-2, on behalf of the Debtor in connection with its Petition, exhibits and schedules, for the purpose of apprising the Court and parties in interest of the circumstances that compelled the commencement of this chapter 11 case and in support of (i) Debtor's chapter 11 petition filed September 6, 2023 (the "**Petition**"), and (ii) the motions and applications that the Debtor has filed with the Court.

3. The Debtor has not filed a previous bankruptcy.

4. I have reviewed the Debtor's Petition, schedules, exhibits and all documents filed in connection therewith, and I am familiar with the facts alleged and any relief requested therein.

5. All facts set forth in this Declaration are based upon my:(i) personal knowledge; (ii) review of relevant documents; and (iii) opinion based upon my experience and knowledge with respect to the Debtor's operations and financial condition. All financial information submitted with this Declaration is on an estimated and unaudited basis, unless otherwise indicated.

## BACKGROUND OF THE DEBTOR AND ITS BUSINESS

**a. Debtor's business and circumstances leading to the Debtor's filing. LR 1007-2(a)(1)**

6. The Debtor was formed as a New York Corporation on October 23, 2001, for the purpose of owning and renting the Property. The Debtor receives rent from the affiliated restaurant owned and operated by Stratis Corp. (bankruptcy case no.: 23-22617) that rents the first-floor space for approximately $9,000 per month and one residential apartment that rents for approximately $2,500 per month.

7. The Debtor has no employees.

8. The Debtor owes approximately $850,000 (which amount is disputed) to Noah Bank and $250,000 to the Town of Mount Pleasant for property taxes.

9. The Debtor has a commitment for refinance based on the recent appraisal of $2,935,000; however, the refinancing cannot be completed before the foreclosure date of September 7, 2023, at 9:30 a.m., and Noah Bank has refused to provide further forbearance.

## OBJECTIVES OF THE CHAPTER 11 CASE

10. The Debtor has filed this bankruptcy proceeding to stay its creditors so that it can have some breathing room to reorganize in order to develop a plan that will refinance the Property. Alternatively, the Debtor will look to cure the arrears owed to Noah Bank and secure a second mortgage on the property to pay off the property taxes.

**b. LR 1007-2(a)(2)**

11. This case was not originally commenced under Chapter 7 or 13 of the Bankruptcy Code.

**c. Committees Organized Prior to Filing. LR 1007-2(a)(3)**

12. No formal or informal committees of creditors or other interest holders have been organized to date.

**d. Holders of 20 Largest Unsecured Claims. LR 1007-(2)(a)(4)**

13. The names and addresses of the twenty (20) largest unsecured creditors excluding (i) those creditors who or which would not be entitled to vote at a creditors' meeting under 11 USC Section 702; (ii) such creditors who were employees of the Debtor at the time of the filing of its petition for reorganization; and (iii) creditors who are insiders as that term is defined in 11 USC Section 101(31) are annexed hereto as **Exhibit "A"**.

**e. Holders of the five largest Secured Claims. LR 1007-(2)(a)(5).**

    14. A list of the names and addresses of the five largest secured creditors is annexed hereto as **Exhibit "B".**

**f. Schedule of Assets and Liabilities. LR 1007-(2)(a)(6).**

    15. As required by Local Bankruptcy Rule 1007-2(a)(6), unaudited schedules of the Debtor's assets and liabilities are annexed hereto as **Exhibit "C"**

**g. Publicly-Held Securities. LR 1007-(2)(a)(7).**

    16. No shares of stock, debentures, or other securities of the Debtor are publicly held.

**h. Debtor's Premises. LR 1007-(2)(a)(9).**

    17. The Property is located at 886 Commerce Street, Thornwood, NY.

**i. Location of Debtors' Assets and Books and Records. LR 1007-(2) (a)(10).**

    18. The Debtor's substantial assets and books and records are located at 886 Commerce Street, Thornwood, NY. No assets are located outside the territorial limits of the United States.

**j. Threatened or Pending Actions against Debtor. LR 1007-(2)(a)(11).**

    19. The following actions or proceedings are pending or threatened:

    Noah Bank v. AKJS Corp., et. al., case no.:66706/2020 (Westchester Supreme).

**k. Debtor's Senior Management. LR 1007-(2)(a)(12).**

    20. The Debtor's senior management is comprised of Tommy Stratigakis, the President.

**l. Additional Information if Business is to Continue. LR 1007-(2)(b)(1) and (2).**

    21. There is no payroll payable.

**m. Estimated Schedule of cash receipts and disbursements for 30 days. LR 1007-(2) (b) (3).**

    22. The estimated schedule of cash receipts and disbursements for the thirty (30) day period following the filing of the Chapter 11 petition is annexed hereto as **Exhibit "D".**

The Debtor will file a motion to utilize cash collateral. The order to use cash collateral will enable the Debtor to preserve its business and assets while at the same time adequately protecting its creditors. Without any funds to pay working capital expenses like insurance, taxes, utilities and maintenance, the Debtor cannot function. Accordingly, the Debtor will be seeking an interim cash collateral order followed by a permanent cash collateral order at a later date.

**Dated: Harrison, NY**             */s Tommy Stratigakis*
      **September 6, 2023**             **Tommy Stratigakis**

# EXHIBIT A

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(see attached)

| | |
|---|---|
| **U.S. Small Business Administration** <br> **(Small business loan)** | **$25,000** |
| **Town of Mount Pleasant** <br> **(property taxes)** | **$250,000** |

# EXHIBIT B

## FIVE LARGEST SECURED CREDITORS

| Creditor | Amount |
|---|---|
| NOAH BANK | $850,000 |

# EXHIBIT C

### Assets and Liabilities

| Assets | Value (est. by Debtor) |
|---|---|
| Property | $2,935,000 |
| Checking Account | $550 |
| Generator and Landscaping Equp | $5,000 |
| **Total** | $2,940,550 |
| | |
| **Liabilities** | **Approximate Amount (may be disputed)** |
| Secured | $850,000 |
| Town of Mount Pleasant (property Tax) | $250,000 |
| Unsecured Creditors | **$25,000** |
| Total | $1,125,000 |
| | |
| **Net** | **$1,815,000** |

# EXHIBIT D

## SCHEDULE OF ANTICIPATED CASH RECEIPTS AND DISBURSEMENTS FOR THE THIRTY DAY PERIOD FOLLOWING FILING OF THE CHAPTER 11 PETITION

**STRATIS CORP.**
**23-22651**

| **Projected Monthly Income*** | **Amount** |
|---|---|
| September (rent) | $11,500 |

| **Projected Monthly Expenses** | |
|---|---|
| Adequate Protection | $6936.43 |
| Reserve for Taxes | $3,000.00 |
| Maintenance | 563.57 |
| Miscellaneous (UST Fees, etc.) | $1,000 |
| **Total Expenses** | **$11,500** |